Hermann H. KIND, Plaintiff-Appellee,

v.

Robert F. KENNEDY, Attorney General of The United States of America, Defendant-Appellant.

No. 328, Docket 26589.

United States Court of Appeals Second Circuit.

Argued April 21, 1961.

Decided July 25, 1961.

See also 162 F.Supp. 197.

Walter T. Nolte, Atty., Dept. of Justice, Washington, D. C. (Paul V. Myron, Acting Director, Office of Alien Property, Washington, D. C., Morton S. Robson, Acting U. S. Atty., Southern Dist. of New York, New York City, Arthur R. Schor, Atty., Office of Alien Property, Dept. of Justice, Washington, D. C., on the brief), for defendant-appellant.

Arnold T. Koch, New York City (Wormser, Koch, Kiely & Alessandroni, New York City, on the brief), for plaintiff-appellee.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

LEONARD P. MOORE, Circuit Judge.

Plaintiff, a native-born citizen of the United States, brought this action against the Attorney General [1] as successor to the Alien Property Custodian [2] to recover the sum of $41,864.62 which had been vested in 1948 by the Custodian pursuant to Vesting Order No. 10,858. The property vested was a portion of plaintiff's interest in a trust created by the Will of his father; the reason alleged for the vesting was that plaintiff had acted or purported to act "directly or indirectly for the benefit or on behalf of the aforesaid nationals of a designated enemy country (Germany) and, to the extent that he has so acted, is a national of a designated enemy country (Germany)." The trial court found that plaintiff at all times here involved resided in the United States, was a loyal citizen of the United States, that he had never made available or offered to make available any part of his interest in his father's estate to any enemy country, that he had not acted for the benefit of nationals of any enemy country and that he was not an enemy within the meaning of the Trading with the Enemy Act, as amended. Accordingly, judgment was awarded in plaintiff's favor for the amount demanded. The Custodian appeals.

The primary point advanced by the Custodian for reversal is that "The Plaintiff is an 'Enemy' as a Result of his 'Enemy Taint.'" He claims that the "enemy taint" concept was formulated by the United States Supreme Court in Clark v. Uebersee Finanz-Korporation, 1947, 332 U.S. 480, 68 S.Ct. 174, 92 L.Ed. 88 and that such taint disqualifies plaintiff from obtaining any recovery in an action brought pursuant to Section 9(a) of the Trading with the Enemy Act, as amended (42 Stat. 1511; 50 U.S.C.A. Appendix, § 9(a) ). To establish this "enemy taint" the Custodian relies upon

1. Originally, the action was against Herbert Brownell, Jr., as Attorney General. Thereafter, his successor, William P. Rogers, was substituted. Upon assuming his duties as Attorney General, Robert F. Kennedy has become the defendant.

2. For brevity, referred to as the "Custodian."

a previous (1947) decision of this court in a Section 9(a) suit brought by Johanna M. Kind [plaintiff's mother] and Hermann H. Kind [plaintiff] as Trustees under the last will and testament of Hermann Kind [plaintiff's father], deceased v. Clark, Attorney General, 2 Cir., 1947, 161 F.2d 36, certiorari denied 1947, 332 U.S. 808, 68 S.Ct. 107, 92 L.Ed. 385. To determine the merits, if any, of the Custodian's claim, analysis must be made of the issues and facts then before the court in that case.

Plaintiff's father, a United States citizen, died in 1928 leaving his estate in trust, the income to his widow for life, the remainder to this three children, two daughters and plaintiff. During World War II the widow and plaintiff served as trustees. An asset of the estate was an indebtedness from a German firm named J. A. Henckels, of $130,000. This debt was secured by stock of a New York corporation, Graef & Schmidt, Inc. and a Canadian corporation, J. A. Henckels, Ltd. In 1939–1940 an arrangement was made whereby the Kind estate took over the New York and Canadian corporations' stock in satisfaction of the indebtedness. There was proof that there was an understanding between Hermann H. Kind and the German firm that after the estate had satisfied its $130,000 claim, any surplus would be returned to the German firm.

In 1943 the Custodian seized all the stock of the New York corporation which then stood in the name of the estate. After the war, the trustees of the estate brought a Section 9(a) suit for the return of the stock or an adjudication of a security interest therein. The district court directed the revesting of title in the trustees. Upon appeal this court held that "the transfer of the stock was fictitious, its beneficial ownership remained in the Germans and was therefore subject to seizure by the United States," but that "since we hold that the sale never occurred, it follows that the estate retained its claim for $75,000 against Graef & Schmidt, and may therefore keep, as in reduction of that claim, the 'dividends' it received"; and that the "estate also retained its pledgee's lien on the stock, and is therefore now entitled to assert that lien for the unpaid balance of its claim." The court also refused to hold that "the estate, as such, is to be regarded as a wrongdoer." The net result of the court's decision was to leave the stock vested in the Custodian but subject to the existing lien in favor of the estate thus preserving for the Custodian such surplus interest, if any, as would remain after satisfaction of the estate's claim.

Upon the trial of the present case, the Custodian claimed that because plaintiff had knowledge of the alleged understanding that any surplus value which the Graef & Schmidt stock might have after satisfaction of the estate's claim was to be held for the German company, plaintiff thereby acquired an "enemy taint"; that he was an "enemy" within the meaning of Section 9(a) of the Act; that this was so held in Kind v. Clark and is res judicata in this action; and that therefore plaintiff is ineligible to recover his property under the Act.

The facts developed upon the trial and the analysis of the decision in Kind v. Clark will not support these contentions. Kind v. Clark held only that the circumstances surrounding the purported transfer of the stock to the Kind estate were such as to make the transfer a nullity. No finding was made that plaintiff was an enemy or enemy tainted; nor would such a finding have been necessary. Any characterizations of plaintiff's conduct in that opinion relate only to the issues there presented, namely, the validity of the stock transfer. The conclusion of the court below that plaintiff was neither an "enemy" nor "enemy tainted" is clearly supported by the record. At most, plaintiff's participation in the transfer— fully consummated prior to this country's entry into World War II—made available to a German firm only a possible surplus after the estate's debt was satisfied and this amount was not to be turned over until after the war. The property seized was not related to this surplus, but

rather was plaintiff's portion of the proceeds of a debt which arose many years before the war broke out in Europe. At no time did plaintiff attempt to make this or any of his other assets available to the Germans. There is nothing in the record to indicate disloyal motives on his part or that plaintiff was at any time "enemy tainted"—in fact, plaintiff's personal and professional contributions to the war effort and to civic affairs lead to the conclusion that he has always been a loyal American citizen.

Judgment affirmed.